808 F.2d 834
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joan Daveler BOBIER, Widow of Kenneth Daveler, Sr., Petitioner,
v.
The MACKE COMPANY, Self-Insured Employer, Director, Office
of Workers' Compensation Programs, United States
Department of Labor, Respondent.
 No. 86-3050.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 11, 1986.
Decided Dec. 11, 1986.
 
 Before HALL, Circuit Judge, BUTZNER, Senior Circuit Judge, and McMILLAN, United States District Judge for the Western District of North Carolina, sitting by designation.
 Linda Lawrence Stankus (Godard & West on brief) for petitioner.
 Richard Wilkinson Galiher, Jr. (Galiher, Clarke & Galiherer on brief) for respondent.
 PER CURIAM:
 
 
 1
 Joan Daveler Bobier petitions for review of a decision by the Benefits Review Board which affirmed the denial of Workers' Compensation benefits by an administrative law judge ("ALJ"). Bobier sought benefits pursuant to the District of Columbia Workers' Compensation Act, as amended, 36 D.C.Code 501 et seq., as the surviving widow and mother of the surviving children of Kenneth E. Daveler. Kenneth Daveler was killed in an automobile accident on February 7, 1980.
 
 
 2
 In a hearing before the ALJ, Bobier asserted that her husband was covered by Workers' Compensation at the time of his accident under what is known as the "trip payment exception." That exception to the normal rule in Workers' Compensation law whereby an employee's "coming and going" to and from work are not ordinarily covered, becomes applicable when the employer pays all or substantially all of the cost of the employee's trip.[1] Daveler's employer, the Macke Company, contested the claim on the ground that Daveler had deviated from his employment prior to the accident, thereby losing the benefit of the trip payment exception.
 
 
 3
 In a detailed and persuasive opinion, the ALJ agreed with the employer and found that at the time of his death, Daveler was so deeply engaged in personal activity that his death did not "arise out of or occur in the course of his employment."[2] On appeal, the Benefits Review Board found the ALJ's decision to be supported by both applicable law and substantial evidence.
 
 
 4
 Upon consideration of the briefs, oral argument, and the record, including the opinions of the ALJ and the Benefits Review Board, we can see no error in the decision to deny benefits. Accordingly, we deny the petition for review for the reasons stated in the ALJ's opinion of November 22, 1982, and in the decision of the Benefits Review Board. Joan Daveler Bobier v. The Macke Company, BRB No. 82-2392 (February 26, 1986).
 
 
 5
 AFFIRMED.
 
 
 6
 FN1 At the time of his death, Daveler was driving a leased automobile. His employer paid 74% of the lease costs.
 
 
 7
 FN2 The ALJ found that Daveler left work at approximately 5:30 p.m. on February 6, 1980. From 6:00 p.m. until at least 11:00 p.m., he was observed drinking, dancing and socializing at a local supper club. The fatal accident occurred at 12:25 a.m. on February 7, 1980.